# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BERNADINE ANDERSON, et al.,<br><br>     Plaintiffs,<br>vs.<br><br>WASHINGTON MUTUAL BANK, et al.,<br><br>     Defendants. | Case No.: 2:10-cv-02084-GMN-GWF<br><br>**ORDER** |

  Plaintiffs Bernadine Anderson and Sherri Bruce (collectively, "Plaintiffs") have filed a Motion for a Temporary Restraining Order (ECF No. 13) in which they seek to enjoin a Trustee's Sale scheduled for February 28, 2011. Plaintiffs do not specify the property that will be the subject of the Trustee's Sale, nor do they specifically state their interest in the property. No certificate of service has been attached to the Motion.

  This motion will be denied, as Plaintiffs' Motion for a Temporary Restraining Order (ECF No. 13) is defective under the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 65(b)(1) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added). Here, Plaintiffs' Motion fails under Rule 65(b)(1)(B) because Plaintiffs do not certify in writing any attempts to give notice to Defendants, nor do they set forth the reasons why notice should not be required. These

1  defects are fatal to the Motion regardless of the fact that Plaintiffs are appearing *pro se*.
2  *See Samson v. One West Bank*, No. C 10-4827 PJH, 2010 WL 472437, at *2 (N.D. Cal.
3  Nov. 15, 2010) (applying the requirement that "the movant's attorney certifies in writing
4  any efforts made to give notice and the reasons why it should not be required" to a *pro se*
5  litigant); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants
6  must follow the same rules of procedure that govern other litigants.").
7       Further, even if Plaintiffs had argued that no notice should be required, the Court
8  does not find that the circumstances warrant a TRO being issued without notice to
9  Defendants.  As this appears to be a wrongful foreclosure case and Plaintiffs have made
10 little more than conclusory allegations in support of their Motion, Defendants should be
11 able to present their evidence in favor of the legality of this foreclosure before an
12 injunction is imposed.  Although *ex parte* TROs may be granted in a narrow range of
13 instances "where the adverse party is unknown or because a known party cannot be
14 located in time for a hearing" or where "notice to the defendant would render fruitless the
15 further prosecution of the action," *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d
16 1126, 1131 (9th Cir. 2006), this is not one of those circumstances.  Further, there does not
17 appear to be a threat of irreparable harm as long as a hearing is held on Plaintiffs' Motion
18 for a Preliminary Injunction prior to February 28, 2011.
19      Accordingly, a hearing on Plaintiff's Motion for a Preliminary Injunction--also
20 contained in ECF No. 13--has been scheduled for February 24, 2011, (*see* ECF No. 14),
21 and their Motion for an *ex parte* Temporary Restraining Order is DENIED.
22      IT IS HEREBY ORDERED that Plaintiffs' Motion for a Temporary Restraining
23 Order (ECF No. 13) is **DENIED**.  The Motion for a Preliminary Injunction, which is also
24 / / /
25 / / /

1  contained in the document at ECF No. 13, remains pending.

2  DATED this 20th day of February, 2011.

_____
Gloria M. Navarro
United States District Judge